# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAYTON ROCKMAN, Inmate #N33125, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DONALD N. SNYDER, CHRISTOPHER L. HIGGERSON, RANDALL C. STAUFFER, DONALD ZOUFAL, SHELTON FREY, JULIE POTTS, RANDY STEVENSON, GUY D. PIERCE, JASON C. GARNETT, AARON J. MIDDLETON, LEORA HARRY, ADMINISTRATIVE REVIEW BOARD ILLINOIS DEPARTMENT OF CORRECTIONS, | )  CIVIL NO. 04-522-WDS |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Menard and Lawrence Correctional Centers, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**    Against Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce for conspiring to violate his Fourteenth Amendment right to equal protection of the laws and his First Amendment right to seek redress of his grievances.

**COUNT 2:**    Challenging 730 ILCS 5/3-6-3 (d) as violating the ex post facto clause.

**COUNT 3:**    Against Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce for unconstitutional retaliation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that in 1998 he filed a civil rights complaint in this Court that was dismissed as frivolous (*Rockman v. Page*, Case No. 98-263-GPM (S.D. Illinois, filed March 23, 1998). In May 2002, Defendants Stauffer and Higgerson, both Assistant Attorneys General for the state of Illinois, became involved in defending prison employees in another civil action filed by Plaintiff. Defendant Stauffer contacted Defendant Zoufal, Chief Legal Counsel for the Illinois Department of

-2-

Corrections, informing him of the 1998 frivolous lawsuit and suggesting that Plaintiff be disciplined for filing the frivolous suit. On August 2, 2002, Defendant Zoufal forwarded Defendant Stauffer's letter to Defendant Potts, Litigation Coordinator at the Menard Correctional Center. Defendant Potts then contacted Defendant Stevenson, litigation coordinator at the Lawrence Correctional Center, where Plaintiff was then confined, to determine whether he had yet received a disciplinary ticket regarding the suit. On August 5, 2002, Plaintiff was issued a disciplinary report charging him with violating state law for filing the frivolous lawsuit. On August 16, 2002, Plaintiff appeared before the Lawrence Adjustment Committee (consisting of Defendants Garnett and Middleton), was found guilty of the charge, and was disciplined with revocation of 180 days of good conduct credit. Defendant Pierce approved the disciplinary report. Plaintiff filed a grievance appealing the decision, but it was denied.

Plaintiff claims that Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce conspired to deprive him of his Fourteenth Amendment right to equal protection of the laws and his First Amendment right to petition a court for redress of grievances.

Civil conspiracy claims are cognizable under section 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Based on Plaintiff's allegations and these legal standards, the Court finds that Count 1 cannot be dismissed from the action at this point in the litigation.

**COUNT 2**

Plaintiff argues that the Illinois statute that authorizes the revocation of good conduct credit for filing a frivolous lawsuit (730 ILCS 5/3-6-3(d)) violates the *ex post facto* clause, U.S. Constitution, Art. 1, § 10., in that it serves to lengthen his sentence.

Under certain circumstances, the revocation of good time credit may violate the *ex post facto* clause. *See Lynce v. Mathis*, 519 U.S. 433 (1997); *Weaver v. Graham*, 450 U.S. 24 (1981). However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Count 2 is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

### COUNT 3

Plaintiff states that the facts described in Count 1, above, also constitute unlawful retaliation for exercising his rights for redress of grievances in court. He states that the revocation of good conduct credit, specifically, was an act of retaliation for filing lawsuits, and that further, at Lawrence Correctional Center he was denied a job in the law library and was denied access to reference materials.

Prison officials may not retaliate against inmates for filing grievances or otherwise

complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  Based on these legal standards and Plaintiff's allegations, Count 3 cannot be dismissed at this point in the litigation.

However, a word about Defendants is in order.  In his description of this count, Plaintiff does not specify by name any defendants responsible for retaliating against him.  However, Plaintiff states in the description of Count 2 that he is incorporating by reference all the allegations in Count 1, and in Count 3 that he is incorporating by reference all the allegations in Count 2.  Thus, the court finds that Plaintiff intends to bring the retaliation claim against only those defendants specified by name in Count 1: Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce.

Plaintiff also lists Donald N. Snyder, Shelton Frey, Leora Harry, and the Administrative Review Board as defendants in the caption of his complaint.  However, the statement of claim does not include any allegations against these defendants.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).  Even if Plaintiff had stated a specific claim against the Administrative Review Board, they would still not

be amenable to suit, because, as an arm of the state, this entity is immune from suit under the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

### DISPOSITION

In summary, Plaintiff may proceed on Counts 1 and 3 of the complaint against Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce. Count 2 of the complaint and Defendants Snyder, Frey, Harry, and Administrative Review Board are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton, and Pierce*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as

noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 31, 2006**

          **s/ WILLIAM D. STIEHL**
          **DISTRICT JUDGE**