# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAYTON ROCKMAN, Inmate #N33125,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-522-WDS |
| | ) |
| **DONALD N. SNYDER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

      This action is before the Court to rule on Plaintiff's motion for relief from judgment (Doc. 11), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

      In this motion, Plaintiff argues that his claim in Count 2–that the statute authorizing a prison

disciplinary action in which Plaintiff lost good conduct credit violates the ex post facto clause–should not have been dismissed with leave to file the claim in a subsequent habeas corpus action after exhaustion of state remedies. Plaintiff contends that habeas corpus is not the proper avenue for his claims and that dismissal of Count 2 will prejudice the Court's ruling on the other counts of his complaint. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 13, 2006**

    **s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**