IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAYTON ROCKMAN, Inmate #N33125, ) ) ) Plaintiff, ) ) vs. ) ) DONALD N. SNYDER, *et al.*, ) ) Defendants. ) | CIVIL NO. 04-522-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

    This action comes before the Court on Plaintiff's second motion for relief from the Court's judgment dismissing one count of his complaint (Doc. 17). On November 7, 2006, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Doc. 11), seeking relief from the Court's order dismissing Count 2 of his complaint (Doc.5). The Court denied this motion on November 13, 2006 (Doc. 13). The instant motion (Doc. 17) is identical (down to the typos) to the November 7 motion, except that Plaintiff purports to bring it pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) does not provide for motions regarding relief from judgment. Instead, Rule 54(b) dictates the manner in which the Court may enter judgment in cases involving multiple claims or parties. Because this Rule is inapposite, the Court construes Plaintiff's motion as a motion to reconsider the Court's order dismissing Count 2 of the complaint.

    Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule

60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'"  *Id.* (citations omitted).

The order dismissing Count 2 of the complaint was entered in this action on September 1, 2006, but the instant motion was not filed until November 22, 2006, well after the 10-day period expired.  *See* FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's arguments in the instant motion–that the statute authorizing a prison disciplinary action in which Plaintiff lost good conduct credit violates the ex post facto clause–does not suggest

clerical mistake; instead, this argument challenges the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 17) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  December 4, 2006**

                                **s/ WILLIAM D.  STIEHL**
                                    **DISTRICT JUDGE**