IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLAYTON ROCKMAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-522-WDS** |
| | ) | |
| **DONALD SNYDER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is defendants Christopher Higgerson, Randall C. Stauffer, Donald Zoufal, Julie Potts, Randy Stevenson, Guy D. Pierce and Jason Garnett's motion to dismiss plaintiff Clayton Rockman's civil rights action. **(Docs. 15 and 16).** Also before the Court is plaintiff's memorandum in opposition. **(Doc. 22).** This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

### The Complaint

Plaintiff Clayton Rockman is in the custody of the Illinois Department of Corrections. In 1998 his civil rights action, *Rockman v. Page*, Case No. 98-263-GPM (S.D.Ill., filed March 23, 1998), was dismissed as frivolous. **(*See* Doc. 1-2, p. 5).** In August 2002, pursuant to 730 ILCS 5/3-6-3(d), plaintiff received a disciplinary report for filing a frivolous lawsuit and consequently lost 180 days of good conduct credit. According to plaintiff, he was subsequently denied a job in the law library, his access to needed reference materials was impaired, and his legal materials were confiscated.

Plaintiff names the following prison officials as defendants. Randall C. Stauffer and Christopher Higgerson, both Assistant Attorneys General, who, while working on another case filed by plaintiff, alerted and/or advised defendant Donald Zoufal, Chief Legal Counsel for the Illinois Department of Corrections, that plaintiff should be sanctioned for filing a frivolous lawsuit. Zoufal allegedly relayed that information to defendant Julie Potts, the litigation coordinator at Menard Correctional Center. In turn, Potts forwarded the information to Randy Stevenson, the litigation coordinator at Lawrence Correctional Center, where plaintiff was housed. Defendants Jason Garnett, Guy D. Pierce and Aaron J. Middleton (who has yet to be served), comprised the Adjustment Committee that convicted plaintiff of the disciplinary charge.

Count 1 of the complaint alleges that defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton and Pierce conspired to deprive plaintiff of his Fourteenth Amendment right to equal protection of the laws and his First Amendment right to petition a court for redress of grievances.

Based on the same facts underlying Count 1, plaintiff contends defendants Stauffer, Higgerson, Zoufal, Potts, Stevenson, Garnett, Middleton and Pierce retaliated against plaintiff in violation of the First Amendment. He alleges that in addition to the aforementioned discipline, he was denied a job in the law library, his access to needed reference materials was impaired, and his legal materials were confiscated.

### **Arguments for Dismissal**

Defendants Christopher Higgerson, Randall C. Stauffer, Donald Zoufal, Julie Potts, Randy Stevenson, Guy D. Pierce and Jason Garnett argue:

1.  The predicate complaint, *Rockman v. Page*, was not constitutionally protected, and this action cannot serve as a vehicle for challenging the decision that that

        action was frivolous; therefore, plaintiff's First Amendment claims must fail;

2.       The doctrine of qualified immunity shields the defendants from liability for damages on all claims; and

3.       The Eleventh Amendment bars all claims for equitable relief.

**(Doc. 16).**

### The Legal Standard(s) for Dismissal

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, is proper where it appears beyond doubt that the plaintiff can prove no set of facts to support his or her claim on which relief may be granted. ***Szumny v. Amer. Gen. Fin., Inc.,*** **246 F.3d 1065, 1067 (7th Cir.2001).** All well-pleaded facts are accepted as true and are construed in favor of the plaintiff. ***McLeod v. Arrow Marine Transp., Inc.,*** **258 F.3d 608, 614 (7th Cir.2001).** However, it is important to note that federal notice pleading requires only that the complaint contain a short and plain statement of the claim that will provide the defendant with fair notice of the claim. ***Scott v. City of Chicago,*** **195 F.3d 950, 951 (7th Cir.1999);** *see also* **Fed.R.Civ.P. 8(a).** "Furthermore, the claim must be sustained 'if any facts that might be established within those allegations would permit a judgment for the plaintiff.'" ***Veazey v. Communications & Cable of Chicago, Inc.,*** **194 F.3d 850, 854 (7th Cir.1999) (quoting *Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir.1998)).** "[T]he development of legal theories and the correlation of facts to theory come later in the process." ***International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.,*** **192 F.3d 724, 733 (7th Cir.1999).**

### Analysis

As a preliminary matter, this Court notes that plaintiff continues to take issue with the dismissal of Count 2 of the complaint, which claimed that the Illinois statute authorizing the revocation of good conduct credit for filing frivolous lawsuits (730 ILCS 5/3-6-3(d)) violated the *ex post facto* clause of Article 1, Section 10 of the Constitution.  (***See* Doc. 5**).  Plaintiff otherwise stresses that the present action has not been deemed frivolous, in that it passed through the Court's threshold review.

The Court has denied plaintiff's requests for reconsideration of the dismissal of Count 2, the constitutional challenge to 730 ILCS 5/3-6-3(d).  **(Docs. 13 and 18).**  The Court has made it abundantly clear that, in accordance with *Heck v. Humphrey*, 512 U.S. 477, 480-487 (1994), attacks on the validity or length of confinement are to be addressed in the first instance via habeas corpus, not Section 1983.  This is so, even if damages are sought for an unconstitutional conviction, which is analogous to the allegation made by plaintiff.  *Id***. at 486-487.**  Plaintiff fails to appreciate that an attack on the constitutionality of 730 ILCS 5/3-6-3(d) and an attack on his disciplinary conviction go hand-in-hand in this instance.  Nevertheless, the District Judge's ruling is the "law of the case," so no further discussion is warranted.[1]

Plaintiff appears to have inferred from the threshold review that his claims– at least Counts 1 and 3– rest on solid legal ground and are immune from attack.  The threshold review was done in accordance with 28 U.S.C. § 1915A, and is only a screening measure to eliminate claims which are clearly not cognizable.  The same legal standard used by the Court in making

---

[1] "As most commonly defined, [the "law of the case" principle] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." ***Arizona v. California*, 460 U.S. 605, 618 (1983);** *see also **Jarrard v. CDI Telcoms., Inc.*, 408 F.3d 905, 911-912 (7th Cir.2005).**

the threshold review is used in deciding the defendants' motion to dismiss.  *Lagerstrom v. Kingston*, **463 F.3d 621, 624 (7th Cir. 2006).**  Nevertheless, Section 1915A does not obviate Rule 12(b)(6).  The fact that Counts 1 and 3 passed through the threshold review does not immunize them or in any way dictate that they are not subject to challenge via a Rule 12(b)(6) motion to dismiss.  Therefore, the main thrust of plaintiff's opposition to the motion to dismiss is not well taken.  Plaintiff otherwise asserts that the defendants' arguments have no merit.

### 1.  The Predicate Complaint

Defendants argue that the predicate complaint, *Rockman v. Page*, cannot stand as the predicate to plaintiff's First Amendment retaliation claims because it was deemed frivolous by the Court and, therefore, it is not constitutionally protected.  Defendants are correct.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution."  *DeWalt v. Carter,* **224 F.3d 607, 618 (7th Cir.2000).**  Filing a complaint in court falls within the ambit of the Petition Clause of the First Amendment, but baseless litigation does not enjoy constitutional protection.  *McDonald v. Smith*, **472 U.S. 479, 484 (1985).** "Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Lewis v. Casey*, **518 U.S. 343, 353 n. 3 (1996).**  Plaintiff premises his retaliation claims in Counts 1 and 3 on his filing *Rockman v. Page*, which was dismissed as frivolous; therefore, plaintiff's retaliation claims fail as a matter of law.

### 2.  Qualified Immunity

The defendants assert they are entitled to qualified immunity.  Qualified immunity

5

shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).** "'For qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel ... the conclusion for every like-situated, reasonable government agent that what [he] is doing violates federal law *in the circumstances.'*." ***Khuans v. School Dist. 110*, 123 F.3d 1010, 1019 -1020 (7th Cir.1997) (quoting *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir.1994)).**

For the reasons stated above, the defendants are entitled to qualified immunity relative to the First Amendment retaliation claims in Counts 1 and 3.

The defendants did not specifically address the Fourteenth Amendment equal protection claim in Count 1. However, this Court views the First Amendment and Fourteenth Amendment as inextricably intertwined. Insofar as plaintiff suggests he is claiming he was denied equal protection because he was penalized for filing a lawsuit when others were not, that argument is part and parcel of Count 2, which has been dismissed. The equal protection claim otherwise fails because it was premised upon the filing of a frivolous action, which is not constitutionally protected. Plaintiff has cited no case law that would support his equal protection claim. Therefore, the defendants are also entitled to qualified immunity with respect to the Fourteenth Amendment equal protection claim contained in Count 1.

### 3.  Claims for Damages and Equitable Relief

Having concluded that plaintiff's claims should all be dismissed, this Court does not consider any remedy appropriate. However, the defendants' arguments relative to plaintiff's

prayer for relief will be addressed for the benefit of the District Court.

The defendants appear to be sued in both their individual and official capacities. **(Doc. 1, p. 3).** With respect to Count 1, plaintiff prays for $30,000.00 in compensatory damages, $50,000.00 in punitive damages, attorney fees and such other relief as may be just. **(Doc. 1, p. 7).** Relative to Count 3, plaintiff seeks declaratory judgment, unspecified equitable relief, $30,000.00 in compensatory damages, $10,000.00 in punitive damages, attorney fees and such other relief as may be just. **(Doc. 1, p. 12).**

Money damages may only be sought from the defendants individually; official capacity suits are actually suits against the State and the Eleventh Amendment bars such damages actions. ***Kentucky v. Graham*, 473 U.S. 159, 166-167 and 169 (1985).** Therefore, plaintiff's claim against the defendants in their official capacities for money damages should be dismissed in that limited respect.

In *Green v. Mansour*, 474 U.S. 64, 73 (1985), the Supreme Court concluded that it is improper to issue declaratory judgment where there is no continuing violation, as is the situation at bar. Similarly, "[w]here there is no continuing violation of federal law, injunctive relief is not a part of the federal court's remedial powers." *Al-Alamin v. Gramley*, **926 F.2d 680, 685 (7th Cir. 1991).** Therefore, plaintiff's prayer for declaratory judgment and injunctive relief should be dismissed.

### Recommendation

Fore the aforementioned reasons, it is the recommendation of this Court that defendants Christopher Higgerson, Randall C. Stauffer, Donald Zoufal, Julie Potts, Randy Stevenson, Guy D. Pierce and Jason Garnett's motion to dismiss plaintiff Clayton Rockman's civil rights action

**(Doc. 15)** be granted in all respects.

If this report and recommendation is adopted, only defendant Aaron J. Middleton would remain.  Because Middleton has yet to be served, and plaintiffs claims against Middleton fail as a matter of law for the reasons explained above, the District Court should dismiss all claims against Middleton *sua sponte*.  Final judgment could then be entered, disposing of the entire case in favor of all defendants.

**DATED: July 23, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 9, 2007**.